IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                                  NO. 11-CR-50065

JOSE ANTONIO RAMIREZ-MENDOZA

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On February 8, 2013, the Defendant/Movant Jose Antonio Ramirez-Mendoza (hereinafter "the Defendant") filed a 28 U.S.C. § 2255 motion (Doc. 60). The Government filed a Response (Doc. 65), and the Defendant filed a Reply (Doc.68). The undersigned does not believe that an evidentiary hearing is warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. 28 U.S.C. § 2255(b). See Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends as follows:

**BACKGROUND**

On May 25, 2011, an indictment was issued against Defendant, charging him with one count of conspiring to distribute more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; two counts of distributing a mixture or substance that contained methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and one

count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Defendant was scheduled to proceed to trial on August 5, 2011. Defendant's appointed counsel moved to continue the trial, asserting that discovery was extensive and she needed additional time to prepare for trial. (Doc. 25.) The Court granted the motion and continued the trial to September 12, 2011. (Doc. 26.)

On September 8, 2011, just four days before the trial, Mr. Erwin Davis entered an appearance as retained counsel on behalf of Defendant. (Doc. 27.) On that same date, Mr. Davis filed a motion to continue the trial, asserting that, as he had just been retained by Defendant, he needed additional time to prepare for trial and/or a plea. (Doc. 28.) The motion to continue was denied on September 9, 2011, and, on that same date, a change of plea hearing was scheduled for September 12, 2011. Defendant pled guilty on September 12th to Count One of the indictment, charging him with conspiring to distribute more than 50 grams of actual methamphetamine.

On February 16, 2012, Defendant was sentenced to 216 months imprisonment, five years supervised release, and a $100,000.00 fine. (Doc. 40.) Defendant did not appeal his conviction or sentence.

In the § 2255 motion now before the Court, Defendant argues:

> Ground One:  counsel was ineffective for withdrawing objections to Defendant's criminal history points;
>
> Ground Two:  the Court erred in denying his second motion for a continuance; and
>
> Ground Three: the Court lacked jurisdiction over his criminal case because the federal narcotics laws are unconstitutional.

## DISCUSSION

### Ground One

To establish an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that he was prejudiced by counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). As to the performance prong of the inquiry, the scrutiny of counsel's performance must be highly deferential, without the distorting effects of hindsight, and there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. As to the prejudice prong of the inquiry, the Defendant must prove prejudice by establishing that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Defendant asserts that his counsel provided ineffective assistance by withdrawing his objection to the criminal history point he received for a past conviction for driving while intoxicated ("DWI"). Defendant argues that the DWI conviction should not have been counted in his criminal history points because it did not result in a sentence of 30 days. Defendant argues that prior to a November 1, 2012 amendment to the United States Sentencing Guidelines, a DWI offense that did not result in a sentence of 30 days could not be counted. The undersigned sees no merit to this argument.

The 2011 edition of the Sentencing Guidelines Manual was applied to Defendant's case. Guideline 4A1.2(c)(1)(a) lists certain offenses that are only counted as criminal history if they resulted in a term of imprisonment of at least 30 days. A DWI offense is not included in this list. Further, Application Note 5 to the Guideline specifically states that DWI convictions are counted, as they are not minor traffic infractions within the meaning of § 4A1.2(c). Accordingly, Defendant's claim that counsel was ineffective for withdrawing his objection to the criminal history point Defendant received for the DWI conviction is meritless, as it is not ineffective assistance of counsel to withdraw objections that have no support in the law. See Toledo v. United States, 581 F.3d 678, 681 (8th Cir. 2009).

### Ground Two

Defendant next argues that the Court erred in denying his second motion to continue the trial.  As the Government points out, Defendant has procedurally defaulted any challenge to the denial of the motion to continue, as he failed to raise this issue on direct appeal and he has not demonstrated any cause and prejudice for his failure to do so.  See Eagle v. United States, 742 F.3d 1079, 1082 (8th Cir. 2014).  In any event, this claim is without merit, as the only prejudice Defendant identifies is that his counsel did not have adequate time to investigate the criminal history point issue, and this was a sentencing issue which was not impacted in any way by the denial of the motion to continue the trial.

### Ground Three

Defendant's final argument appears to be that the Court was without jurisdiction to sentence him because the federal drug laws are unconstitutional.  Defendant's argument is clearly without merit.  United States v. Patterson, 140 F.3d 767, 772 (8th Cir.), cert. denied, 525 U.S. 907 (1998).

### CONCLUSION

Based upon the foregoing analysis, the undersigned recommends that Defendant's § 2255 motion (Doc. 60) be **DENIED** and **DISMISSED WITH PREJUDICE.**

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1)(B) & (c)(2).  A "substantial showing" is a showing that "'issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.'"  Cox v. Norris, 133 F.3d 565, 569 and n.2 (8th Cir. 1997).  Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of May, 2014.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)