IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

V.                              CASE NO. 5:11-CR-50065

JOSE ANTONIO RAMIREZ-MENDOZA                               DEFENDANT/PETITIONER

OPINION AND ORDER

Currently before the Court are the Report and Recommendation ("R&R") (Doc. 71) filed in this case on May 9, 2014, by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, regarding Petitioner Jose Antonio Ramirez-Mendoza's 28 U.S.C. § 2255 Petition for Writ of Habeas Corpus (Doc. 60) and Ramirez's Objections to the R&R (Doc. 72). In light of Ramirez's Objections, the Court has conducted a *de novo* review of the record, focusing in particular on the portions of the R&R to which specific objections have been made, in accordance with 28 U.S.C.§ 636(b)(1)(C). After review, the Court finds that the objections lodged by Ramirez offer neither law nor fact requiring departure from the Magistrate's findings. Accordingly, the Magistrate's R&R (Doc. 71) is **ADOPTED IN ITS ENTIRETY** and Ramirez's § 2255 Petition (Doc. 60) is **DENIED**.

The R&R sets forth the procedural history of this case in great detail and is hereby adopted by the Court. Nevertheless, for purposes of providing context for the Court's analysis of Ramirez's Objections, a brief recitation of the most pertinent facts is in order.

## I. Background

This case concerns Ramirez's Petition for Writ of Habeas Corpus pursuant to 18 U.S.C. § 2255. On May 25, 2011, Ramirez was charged in a four-count indictment: one count of conspiring to distribute more that 50 grams of actual methamphetamine, two counts of distributing a mixture or substance that contained methamphetamine, and one count of money laundering. Defendant was scheduled for trial on August 5, 2011, before the Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas, but his appointed counsel, asserting that she needed additional time to prepare, moved to continue the trial. The trial was continued until September 12, 2011. Ramirez then retained Erwin Davis, who entered his appearance on behalf of Ramirez on September 8, 2011, and filed a second motion to continue, contending he needed additional time to prepare for trial. Judge Hendren denied the motion to continue on September 9, 2011.

On September 12, 2014, Ramirez pleaded guilty to count one of the Indictment—conspiring to distribute more than 50 grams of actual methamphetamine—and was subsequently sentenced to 216 months imprisonment on February 16, 2012. Although he alleges for the first time in his Objections to the R&R that he asked Mr. Davis to file an appeal, Ramirez did not appeal his sentence. On February 8, 2013, Ramirez filed the present § 2255 Petition, asserting three grounds for relief. The Magistrate recommended denying the Petition on all three grounds.

Ramirez now offers four objections in response to the Magistrate's recommendations. First, Ramirez asserts that he was denied his Sixth Amendment right to effective assistance of counsel when his attorney withdrew his objection to the criminal

history point that Ramirez received for a past conviction for driving while intoxicated ("DWI").[1]  Second, Ramirez argues that the Court erred in denying his second motion to continue the trial.  Third,  contends that this Court is without jurisdiction to sentence him because the federal drug laws are unconstitutional, and also objects to the Magistrate "hearing" his case because he did not provide his consent to have his case heard by a non Article III judge.

Ramirez's Objections will be addressed by the Court in turn.

## II.  DISCUSSION

### A. Ineffective Assistance of Counsel

Ramirez contends that he received ineffective assistance of counsel when Mr. Davis withdrew the objection to the criminal history point Ramirez received for his past DWI conviction.  Ramirez argues that this conviction should not have been counted toward his criminal history points because he was imprisoned for only one day, and prior to the November 1, 2012 amendments to the United States Sentencing Guidelines, a DWI offense that did not result in a 30-day sentence could not be counted.

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).  To establish a claim of ineffective assistance of counsel, Ramirez must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, under the "deficient performance" component, he must show that his counsel "made errors so serious that

---

[1]Ramirez raises for the first time in his Objections to the R&R that his counsel was ineffective for not filing his appeal.  This will not be addressed, as he failed to raise this issue in his § 2255 Petition.

counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Id*. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations omitted). Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). In the context of a guilty plea, Ramirez must show that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Contrary to what Ramirez believes, within the 2011 edition of the United States Sentencing Guidelines applicable to his case, DWI convictions are counted toward criminal history points. As they are not among the misdemeanors enumerated under § 4A1.2(c)(1), nor are they considered minor traffic infractions within the meaning of § 4A1.2(c), courts are to apply criminal history points for such convictions. *See* United States Sentencing Commission, Guidelines Manual § 4A1.2(c), n. 5. As found by the Magistrate, it cannot be ineffective assistance of counsel to withdraw an objection that has no support in the law. *See Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009).

Therefore, the Court finds that Mr. Davis did not provide ineffective assistance, and Ramirez's first objection is overruled.

### B.  Motion to Continue

Ramirez argues that the Court erred in denying his second motion to continue the trial; however, Ramirez has procedurally defaulted any challenge to the Court's denial of his motion to continue by failing to file an appeal. *Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014).

Habeas relief is an extraordinary remedy, and significant barriers exist in the path of a petitioner who seeks to raise an argument that he failed to raised on direct review. *See United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998), *cert.denied*, 534 U.S. 1097 (2002).  "More specifically, a claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence."  *Id.; see also Swedzinski v.United States*, 160 F.3d 498, 500 (8th Cir. 1998) (finding procedural default as to an issue that was raised for the first time in a § 2255 motion, when petitioner did not raise the issue at trial or on direct appeal), *cert. denied*, 528 U.S. 846 (1999).

Even if the Court overlooked the procedural default as to any challenge to the Court's denial of his motion to continue, his claim is without merit, as the only prejudice identified by Ramirez concerns the criminal history point for his DWI.  This claim concerned a sentencing issue that did not bear any relevance on his motion to continue trial.  In addition, Ramirez has failed to establish that he suffered actual prejudice as a result of the Court's allowance of the criminal history point for his DWI, as it was properly applied. Further, district courts are afforded broad discretion when ruling on requests for continuances, especially when the issue of a continuance is raised close to the trial date.

*United States v. Chahia*, 544 F.3d 890, 896 (8th Cir. 2008) (internal citations and quotations omitted).

Therefore, Ramirez's objection to the Court's denial on his motion to continue is overruled.

### C. Jurisdiction of the Courts

Ramirez also alleges that this Court does not have subject-matter jurisdiction over him and that Title 21 of the United States Code is an unconstitutional encroachment on state police power. Contrary to Ramirez's belief, this Court does indeed have jurisdiction over him. Ramirez pleaded guilty to conspiracy to distribute 50 grams of methamphetamine, and this Court has the authority to hear crimes occurring in interstate commerce. Congress has the authority under the Commerce Clause to regulate the manufacture and distribution of controlled substances because these activities substantially affect interstate commerce. *See United States v.* Patterson, 140 F.3d 767, 772 (8th Cir. 1998), *cert. denied*, 525 U.S. 907 (1998) (citing United *States v. Lopez*, 514 U.S. 549, 559 (1995)). The Eighth Circuit has held that intrastate drug activity affects interstate commerce and that Congress may regulate both intrastate and interstate drug trafficking under the Commerce Clause. *Id.* (internal citations omitted). In particular, section 841(a)(1) is a valid exercise of the Commerce Clause power under *Lopez*. Since Congress acted within its commerce clause authority in enacting the Controlled Substances Act under Title 21, there is federal jurisdiction over Ramirez's offenses, and therefore, jurisdiction by this district court.

Further, Petitioner misunderstands the Magistrate's role in this case. He inaccurately cites to *Reiter v. Honewell*, 104 F.3d 1071 (8th Cir. 1996) in his "Traverse" (Doc. 68, p. 3) for the proposition that he must consent before she can "hear" his Petition. In *Reiter*, the Court found that a matter may not be referred for a jury trial to a Magistrate without the defendant's consent or some exceptional condition. *Id.* at 1072. In the instant case, this Court referred the § 2255 Petition to the Magistrate for a report and recommendation, and this Court retained final authority to rule on the Petition.

### III. CONCLUSION

The Court, being well and sufficiently advised, finds that the R&R (Doc. 71) should be and hereby is **ADOPTED IN ITS ENTIRETY**.

**IT IS THEREFORE ORDERED** that Petitioner Jose Antonio Ramirez-Mendoza's Petition Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (Doc. 60) is **DISMISSED WITH PREJUDICE**. A judgment will be entered contemporaneously with this Order.

**IT IS SO ORDERED** this 27th day of October, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE